# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2274

_____

Mary Ann Harter,                           *
                                           *
           Appellant,                      *    Appeal from the United States
                                           *    District Court for the Eastern
   v.                                      *    District of Missouri.
                                           *
Rod Paige, Secretary, United States        *         [UNPUBLISHED]
Department of Education,                    *
                                           *
           Appellee.                        *

_____

Submitted: April 13, 2005
Filed: May 4, 2005

_____

Before LOKEN, Chief Judge, FAGG and BYE, Circuit Judges.

_____

PER CURIAM.

Mary Ann Harter, an attorney employed as a teacher by the state of Missouri, defaulted on three guaranteed student loans she had obtained to fund her law school education. Under the Federal Family Education Loan Program, the Department of Education reimbursed the guaranty agency and initiated proceedings to collect the loan by garnishing Harter's wages. See 20 U.S.C. § 1095a. The Department sent Harter a notice of its intent to collect the debt by administrative wage garnishment (AWG), and Harter asked for a hearing, through her attorney, her husband. Harter later requested an extension of the hearing date, then failed to respond to the rescheduling request. The Department left a telephone message stating that if Harter

did not call, she would forfeit a hearing. Harter's attorney conceded at oral argument that the message was left on the Harters' home answering machine, but claimed the contents of the message was unknown because their teenager inadvertently erased it. After a written records hearing, the hearing officer issued a decision ordering garnishment of Harter's wages. In its decision, the officer considered and rejected each of Harter's objections to the garnishment. Most of the objections lacked evidentiary support.

Harter then filed this action challenging the garnishment decision under the Administrative Procedure Act and the constitutionality of the Department's administrative wage garnishment. The district court* denied Harter's motion to quash the garnishment, her partial motion for summary judgment, and her motion for a temporary restraining order. The court granted summary judgment to the Department on Harter's request for review of the administrative decision. The court found the Department's AWG was constitutional and the Department "established that there was appropriate notice, but that [Harter] was unresponsive." The court also observed Harter failed to submit a statement of uncontroverted material facts and failed to present any specific evidence to dispute any of the Department's facts. Instead, Harter had "attempted to rely on allegations in her pleadings rather than providing sufficient probative evidence as required under [Federal Rule of Civil Procedure] 56."

Harter appeals arguing summary judgment was improper. We disagree. The Department put adequate evidence into the summary judgment record to show Harter was delinquent on her loans, she was given notice of intent to garnish, she was given an opportunity to pick a hearing date through her attorney, and her attorney did not respond. Harter failed to present any evidence to dispute these facts.

---

*The Honorable Henry Autrey, United States District Judge for the Eastern District of Missouri.

Harter also contends the statute authorizing AWG is unconstitutional. Harter's Fifth Amendment claim fails because the Department's written records hearing satisfies the due process requirement that the Department provide defaulted student loan debtors a meaningful opportunity to present objections before implementing the garnishment. Harter has failed to produce any evidence supporting her allegation that the Department's hearing was inadequate. We also reject Harter's assertion that the separation of powers doctrine prohibits Congress from assigning the Department the power to decide defaulted student loan claims. Because the claims are raised for the first time on appeal, we decline to consider Harter's Seventh and Tenth Amendment claims, as well as her claim that due process requires the hearing to be conducted by an entity other than the Department.

Harter next argues the district court should not have granted summary judgment on her claim that the Department's decision was arbitrary and capricious under the Administrative Procedure Act. According to Harter, there were genuine issues of material fact regarding her earlier bankruptcy and the Department's actions after she filed her complaint. Harter bore the burden to show the debt was extinguished, however, and failed to do so. Further, the Department's actions had no effect on the district court's review of the allegations in Harter's complaint.

Harter also contends the district court should have granted her motion for a temporary restraining order. The Department did not exceed its authority in implementing AWG, and 20 U.S.C. § 1082(a)(2) prohibits a court from entering an injunction against the Secretary of Education.

Last, Harter argues the Department should have excluded the amount contributed to her teacher pension fund when determining the amount of pay subject to garnishment. Harter relies on 20 U.S.C. § 1095a(e) (defining disposable pay subject to garnishment as amount remaining "after the deduction of any amounts required by law to be withheld"), Mo. Rev. Stat. § 169.030 (requiring public school

retirement contributions), and <u>id.</u> § 169.587 (exempting retirement property or right from garnishment). Because Harter raises this argument for the first time on appeal, we decline to consider it. <u>Orr v. Wal-Mart Stores, Inc.</u>, 297 F.3d 720, 725 (8th Cir. 2002). At oral argument, however, the Department's attorney stated the Department had been unaware of the Missouri statute, would review the legal issue, and determine whether Harter is entitled to a reduction in garnishment.

We grant Harter's request for leave to supplement the appendix with federal government records, including those of her bankruptcy. Having done so, we affirm the district court.

_____